CIVIL COMPLAINT FORM TO BE USED BY A *PRO SE* PRISONER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN NIXON
: 
**Full Name of Plaintiff      Inmate Number**
:
:     Civil No. 3 : 25-CV- 0488
:
          v.
:     (to be filled in by the Clerk's Office)
:
UNITED STATES OF AMERICA
:     ( ✓ ) Demand for Jury Trial
**Name of Defendant 1**
:     (___) No Jury Trial Demand
:
FEDERAL BUREAU OF PRISON
:
**Name of Defendant 2**
:
:
DOCTOR BUSCHMAN
:
**Name of Defendant 3**
:
:

FILED
SCRANTON
MAR 18 2025
PER_____
DEPUTY CLERK

NURSE TRUMP C.
:
**Name of Defendant 4**
:
:
WARDEN ARVIZA
:
**Name of Defendant 5**
:
(Print the names of all defendants.  If the names of all
:
 defendants do not fit in this space, you may attach
:
additional pages. Do not include addresses in this
:
section). Associate WARDEN CALLIS
:
NAMe oF Defendant 6

## I.     NATURE OF COMPLAINT

Indicate below the federal legal basis for your claim, if known.

_____  Civil Rights Action under 42 U.S.C. § 1983 (state, county, or municipal defendants)

__✓__  Civil Rights Action under <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388
      (1971) (federal defendants)

__✓__  Negligence Action under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, against the
      United States.

II.    **ADDRESSES AND INFORMATION**

A.    **PLAINTIFF**

Nixon, John    P
Name (Last, First, MI)

45651509
Inmate Number

F.C.I. Allenwood medium
Place of Confinement

P.O. Box 2000
Address

White Deer, PA 17887
City, County, State, Zip Code


Indicate whether you are a prisoner or other confined person as follows:

___    Pretrial detainee

___    Civilly committed detainee

___    Immigration detainee

___    Convicted and sentenced state prisoner

_✓_    Convicted and sentenced federal prisoner


B.    **DEFENDANT(S)**

Provide the information below for each defendant. Attach additional pages if needed.

Make sure that the defendant(s) listed below are identical to those contained in the caption. If incorrect information is provided, it could result in the delay or prevention of service of the complaint.

Defendant 1:

UNITED STATES OF AMERICA
Name (Last, First)

N/A
Current Job Title

N/A
Current Work Address

N/A
City, County, State, Zip Code

Defendant 2:

Federal Bureau of Prisons

Name (Last, First)

N/A

Current Job Title

2nd and Chestnut St's

Current Work Address

Philadelphia, PA, 19106

City, County, State, Zip Code


Defendant 3:

BUSCHMAN, DOCTOR

Name (Last, First)

CLINICAL DIRECTOR AT FCI Allenwood

Current Job Title

P.O. Box 2000

Current Work Address

White Deer, PA 17887

City, County, State, Zip Code


Defendant 4:

NURSE TRUMP

Name (Last, First)

NURSE, SCREENER FOR MAT PROGRAM

Current Job Title

P.O. Box 2000

Current Work Address

White Deer, PA 17887

City, County, State, Zip Code


Defendant 5:

ARVIZA, M

Name (Last, First)

Warden at FCI Allenwood

Current Job Title

P.O. Box 2000

Current Work Address

White Deer, PA 17887

City, County, State, Zip Code

Defendant 6:

ASSOCIATE WARDEN CALLIS
Name (Last, First)

Associate Warden a F.C.I. Allenwood
Current Job Title

P.O. Box 2000
Current Work Address

White Deer, PA 17887
City, County, State, Zip Code

page 3½ of 6

## III.    STATEMENT OF FACTS

State only the facts of your claim below.  Include all the facts you consider important.  Attach additional pages if needed.

A.    Describe where and when the events giving rise to your claim(s) arose.

All events described herein take place at F.C.I. Allenwood, PA. since June of 2023

B.    On what date did the events giving rise to your claim(s) occur?

June of 2023 and continuing.

C.    What are the facts underlying your claim(s)? (For example:  What happened to you? Who did what?)

Nixon, who is 46 years old, began taking opiods as prescribed, at first, following an intense, severe motor vehicle accident in the summer of 2018. After multiple surgeries his University of Pennsylvania doctor prescribed percocet for pain. After extensive use Nixon was diagnosed as suffering from opiod use Disorder, He was placed on suboxone to control his addiction and his pain. For years it worked well. In march of 2021, Nixon was arrested here in PA and charged with firearms violations by the Federal authorities. He plead guilty in Federal Court to 77 months imprisonment. Nixon's Federal Judge at sentencing, recommended he "continue to be allowed treatment on suboxone on the MAT Program in the B.O.P.

Nixon has repeatedly asked to be placed on suboxone but was and is denied by defendants for no valid medical reason, calling him a "junkie" for daring to grieve the issue.

Page 4 of 6

IV.     LEGAL CLAIM(S)

You are not required to make legal argument or cite any cases or statutes.  However, state what constitutional rights, statutes, or laws you believe were violated by the above actions.  If you intend to assert multiple claims, number and set forth each claim in separate paragraphs. Attach additional pages if needed.

1. Defendants continue to be deliberately indifferent to his serious medical needs in violation of rights under Bivens v. unknown Fed. narcotic Agents.

2. Defendants continue to be medically negligent toward plaintiff in violation of the Federal Tort Claims Act.

3. Defendants continue to act discriminatory toward the disabled, O.U.D. suffering plaintiff in violation of Section 504 of the Federal Rehabilitation Act

4. # see enclosed packet labeled 'violation of my rights' pages 1-8

V.     INJURY

Describe with specificity what injury, harm, or damages you suffered because of the events described above.

As a disabled prisoner suffering from O.U.D. I suffer daily withdrawal type symptoms from opioids including headaches, severe cravings, sweats chills, pain, confusion, anxiety, fear, depression, mental breakdowns, isolation, unable to talk, severe trembling, blackouts, body locks up (muscle cramps), blurred visio

VI.     RELIEF

State exactly what you want the court to do for you.  For example, you may be seeking money damages, you may want the court to order a defendant to do something or stop doing something, or you may be seeking both types of relief.  If you are seeking monetary relief, state your request generally.  Do not request a specific amount of money.

① Declatory Judgment; ② Issue a TRO and Preliminary Judgment ③ Award such other relief plaintiff is entitled to.

## VII.    SIGNATURE

By signing this complaint, you represent to the court that the facts alleged are true to the best of your knowledge and are supported by evidence, that those facts show a violation of law, and that you are not filing this complaint to harass another person or for any other improper purpose.

Local Rule of Court 83.18 requires *pro se* plaintiffs to keep the court informed of their current address. If your address changes while your lawsuit is being litigated, you must immediately inform the court of the change in writing. By signing and submitting the complaint form, you agree to provide the Clerk's Office with any changes to your address where case-related papers may be served, and you acknowledge that your failure to keep a current address on file with the Clerk's Office may result in dismissal of your case.

_____

Signature of Plaintiff

_____Feb. 14th 2025_____

Date

4, *
(ref.
pg.5of6)

'Violations of My Rights'
(informal attempt)



U.S. Department of Justice

NIXON
JOHN
Eye: HL    Ht: 5'11"

John Nixon
Reg.# 45651509

This is my final informal attempt to resolve my complaint. I have tried reso-
lving this issue through verbal communication, email, inmate request forms, and
speaking directly to the doctor with no relief or results. I have adressed every
medical staff member I come into contact with. I've addressed MAT, Phsycology, and
the Medical departments. The medical staff has changed several times. So much so I
don't know the name of them.
I have asked to sign a 'release of information form' so medical staff can contact MouD
provider to continue my treatment, review my medical records, and allergies. I am
being denied treatment of my OUD disability by the BOP medical staff here at FCI Allenwood,
Medium Prison, White Deer, PA 17887. I have tried many times communicating my disabilities,
needs, diagnoses, medical history, medications, and mostly my daily suffering phisycally,
emtionally, and mentally. I have tried explaining that I'm on SSD (social security disability
for OUD. I have been in treatment for well over ten years on MAT. I've tried
explaining my allergies to medications, what meds I have tried, and that I have
had specialized testing done 'gene site test' to aid with my treatment. Only
to be ignored, told I'll be treated when I'm 90 days within release date,
told I'm on a waiting list. I asked 'so do I have to suffer every single day
until then?' The doctor just repeated back to me 'your on a waiting list and will
be treated once closer to release'. I mentioned prisoners with disabilities are
protected under sections of the American with Disabilities Act and the Rehab-
ilition Act of 1973. It applies to facilities run by federal agencies (such as
the BOP) and to any state or local agency that receives federal funding.
Disabled prisoners may file claims for relief under the Eighth Amendment, which
prohibits cruel or unusual punishment.

pg.1

This also then means a violation is occuring under Section 242 of Title 18. Title 18 U.S.C. SECTION 242 makes it a crime for a person acting under color of any law to wilfully deprive a person of a right or privilege protected by the Constitution or laws of the United States. Acts under "color of law" include acts not only done by federal, state, or local officials within their lawful authority but also acts done beyond the bounds of that official's lawful authority, if the acts are done while the official is purporting to or pretending to act in the performance of his/her official duties. Persons acting under color of law within the meaning of this statute include police officers, prison guards, and other law enforcement officials, as well as judges, care providers in public health facilities, and others who are acting as public officials. It is not necessary that the crime be motivated by animus toward the race, color, religion, sex, handicap, familal status, or national origin of the victim.

I'm being deprived my right to medically recognized medications approved to treat OUD. I was actively being treated with MAT for OUD prior to being placed into the BOP custody for over ten years. The federal government even placed me on social security disability for my OUD in 2018. OUD is a disability and the federal law requires accommedations for people with disabilities. I am also being discriminated against. The ADA (American with Disabilites Act) protect disabilites. A disabilty is defined as a physical or mental impairment that substantially limits one or more major life activities such as taking care of oneself, working, thinking/concentrating, and major bodily functions like brain function. A person is also protected against discrimination if they have a record of such an impairment or are regarded as having such an impairment. The ADA protects people with OUD including those in recovery. The U.S. Department of Justice released guidance that Title II of the ADA does apply to the provision of MOUD

PG. 2

in jail/prison. Jails and prisons cannot refuse to provide an individual with their prescribed MOUD based on a general policy, such as allowing only one specific medication. Similarly jail/prison cannot implement a blanket policy that denies access to MOUD, as this also violates the ADA. Jails and prisons violate the ADA when they fail to make reasonable modifications to policies, practices, or procedures when they are necessary to avoid discrimination on the basis of disability. Adequate medical treatment in jail/prison is a Constitutional right under the 8th and 14th Amendments. Jails and prisons cannot show deliberate indifference to a serious medical need. (Estelle v. Gamble, 429 U.S. 97, 103 (1976)) Jail/prison officers and employees are deliberately indifferent when they know of a serious medical need yet fail to provide treatment, delay treatment, or deny treatment for a non-medical reason. OUD symptoms are considered serious medical needs. If the jail/prison staff is aware that an individual has OUD and fails to provide the necessary MOUD they are violating the law. U.S. Courts have held that denying a person access to MOUD without an individualized assessment violates the ADA, the Eighth Amendment, and the Fourteenth Amendment. The Department of Justice has published letters of findings of MOUD violations, filed lawsuits, and entered into settlement agreements with increasing frequency. The ACLU has filed several civil rights lawsuits against the federal Bureau of Prisons (BOP) for denying people with OUD the medications necessary to effectively treat their addiction including buprenorphine and naloxone. This illegal treatment is being brought not only to the DOJ, ADA, FDA, CDC, SAMHSA attention but into the public eye. This information is being shared with Anjali Nair at NBC News, Gretchen Ertl at The Providence Journal, The USA Today, Charles Krupa with Associated Press, The Marshall Project, Beth Schwartzapfel and Keri Blakinger, with private and public

pg. 3

journalist in a collebrative effort spanning media sites from activists, supporters, and journalist site like Reddit, FB, X, Truth Social, Instagram, etc. Several federal employees are supporting MOUD and coming forward sharing the benefits of OUD treatment and it's positive impact inside the jail/prison. Aaron McGlothin a BOP Union President has even stated on the record 'the BOP is breaking the law by not providing Suboxone to prisoner that need it.' Sally Friedman is an attorney with the Legal Action Center who is involved in several opioid medication lawsuits against criminal justice agencies, she states the bureau's delay in providing more widespread addiction medication has not only consequences for prisoners suffering of OUD but it's employees as well by creating a avenue for contraband, increase in violence, and unacceptable behaviors - activities that come along with denying inmates MOUD. Peoples rights are being broken but I'm fighting for my rights and my rights are being broken. Laws are being violated by denying me OUD medications. Case's like mine have already been won or settled in U.S. District Court of Pennsylvania where a prison violated a prisoners right to OUD medication he was previously being treated with. This list of legal cases is just continuing to grow of OUD, MAT, MOUD, ADA, 8th Amend, 14th Amend. violations of prisoners rights: Strickland v. Delaware County; Godsey v. Sawyer; Pesce v. Coppinger; Smith v. Aroostook Cty.; Kortlever etal v. Whatcom; DiPierro v. Hurwitz; Crews v. Sawyer; Rokita v. Pa. Dep't of Corrections; P.G. v. Jefferson County; M.C. v. Jefferson Cty.; Finnigan v. Mendrick; Selafani v. Mici; Smith v. Fitzpatrick; U.S. v. Cumberland County this list goes on of cases in favor of OUD, MAT, MOUD prisoners. The United States Bureau of Prisons (BOP) is violating section 504 of the Rehabilitation Act of 1973 (Rehab Act) by discriminating on the basis of my disability.

Pg. 4

The BOP is attempting (Medical staff) to make it appear that they are taking the steps to implement a voluntary MAT program. BOP's current and foreseeable failure to provide reasonable accommodations to incarcerated individuals with OUD violates the Rehab Act and directly conflicts with the Department of Justice (DOJ) initiatives to combat discriminatory barriers to treatment for OUD. FCI Allenwood's practices are depriving me of treatment for OUD. This failure to provide me the daily treatment for my disability with MAT is a disability justice issue and a criminal justice issue, a public health issue and a racial justice issue. This treatment is a risk and threat to my health, well-being, life, and civil rights. Upon entering BOP custody I was denied any individualized risk assessment. I was forced to stop taking my previously prescribed medications including MAT. This jeopardizes my long-term recovery, health, safety, and life. The potential damage from discontinuing treatment is compounded by the other social, health, physical, and emotional factors prevalent within correctional facilities/prisons. The DOJ has created an entire initiative to target disability discrimination with OUD. Section 504 of the Rehabilitation Act was enacted to prevent this exeact type of discrimination that is occuring to me here at FCI Allenwood. Regulations and guidelines governing MAT recognize that the bes practices for the treatment of OUD involve individualized assessment into each patients needs, including their medical records, history, medications, allergies, and other complicating factors. As such a 'formulaic policy generically applied to all patients meeting specific criteria or in specific situations without evaluation by a physician or other qualified health care provider is unacceptable. Pg. 5

This assessment suggest certain individuals may be on MAT for several years or indefintely. Just like any chronic medical condition or disese, like diabetes (insulin). Prison officials at various levels of this institution are harboring misguided stereotypes about MAT/MOUD and it's role in treating opioid use disorder. To the point of discrimitory comments of unnecessarily abusive nature. (This is a seperate matter I do not want to persue) The BOP has a legal obligation to accommodate my disability. The medical staff here is delaying my treatment, they offered me 'Vivitrol' which I am allergic to. This proves to me that no individualized assestment has been done, they would have known of my allergic reaction to this medication in my medical history - records. Also my genesight results reflect a high uncompatible match for me and that medication. The BOP have tried arguing they are compliant with the ADA because they offer inmates this third opioid addiction medication 'naltrexone (also known as Vivitrol) but the DOJ has asserted the institutions have the obligation to provide all three treatments, and that the decision of which treatment to use should be up to the patient and their doctors, not prisons or judges. These medication are not interchangeable. One version of MOUD might work well for one patient (inmate) but not another. This is why the ADA requires ensring access to all three forms of medication in the criminal justice system.

I am 45 years old, disabiled, and not asking for special treatment I'm asking for my rights to be respected. I give nothing but respect to all staff here at all times and I do not create problems. I let go the fact that I was let go from UNICOR

pg. 6

on discrimination by staff there. I was mis treated and violated but let it go. This matter however I can no longer bare the suffering. I am suffering from not being treated for my disability because of this prisons staff decision to refuse me my medication. I see no reason for this other then discrimintory reason. Please place me back on my MAT treatment. I have been in treatment for over ten years under my doctor's care Dr. Probst of UPMC of McEllahatten, PA and Dr. Talon of Crossroads in Williamsport, PA.

The BOP has a responsibility to provide inmates with opportunities to participate in programs that can afford us the skills we need to lead crime-free lives after release. The BOP's philosophy is that release preparation begins the first day of imprisonment. Policy makers on both sides of the ideological spectrum embrace successful prisoner reentry as a rational policy goal for decision making within correctional facilities/prisons However this BOP's current treatment programs for substance use disorder fail to live up to this responsibility. BOP's failure to provide MAT renders an incarcerated individual further vulnerable to recidivism and overdose death upon release among other risks. This also affects the broader community because substance use disorder devastates communities everywhere, albeit in different ways, adequate medical care within prisons will lead to better health outcomes in the community. As such you can- not speak of the health of the nation without also addressing the health of individuals in prisons, jails, and other institutions. The DOJ, Congress, and the ADA understand this and have intervened in the correctional facilities context to treat OUD by using

pg.7

all these scientifically proven pharmacological treatment methods

Thank You

John Nixon

BOP# 45651509

8/7/2024

Pg. 8



FROM: JOHN NIXON
INMATE NO. 45651509
FCI Allenwood Medium Prison
P.O. Box 2000
White Deer, PA 17887

RECEIVED
SCRANTON

MAR 18 2025

PER _____ DEPUTY CLERK

ATTN: Clerk of Court
TO: United States District Court
Middle District of Pennsylvania
235 N. Washington Avenue
P.O. Box 1148
Scranton, PA 18501

LEGAL MAIL

USPS TRACKING® #

9534 6135 2176 5072 5334 30

FCI Allenwood
3-11-25
DATE

The Enclosed letter was processed through special
mailing procedures for forwarding to you. The letter has
been neither opened nor inspected if the writer raises a
question or problem over which this facility has
jurisdiction, you may wish to return the material for further
information or clarification. If the writer encloses
correspondence for forwarding to another addressee,
please return the enclosure to the above address.

LEGAL MAIL

LEGAL MAIL

LEGAL MAIL

