**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN NIXON,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>Defendant. | CIVIL ACTION NO. 3:25-cv-00488<br><br>(SAPORITO, J.) |

**ORDER**

John Nixon, a prisoner at FCI-Allenwood, proceeds on a claim under the Rehabilitation Act based on allegations that prison medical staff have excluded him from certain treatment for his opioid use disorder. For the following reasons, the complaint will be dismissed without leave to amend pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I. BACKGROUND

As relevant to the request for dismissal[1], Nixon's complaint alleges as follows: In 2018, prior to his incarceration, Nixon was prescribed

[1] The complaint and attachments are more fully summarized in the Court's April 4, 2025, memorandum screening the case pursuant to 28 U.S.C. § 1915A. *See* (Doc. 11).

Percocet for ongoing pain after a car accident. He eventually became dependent on the drug and was diagnosed with opioid use disorder ("OUD"). He was treated with suboxone prior to his incarceration; however, beginning in March 2021, he was incarcerated at a facility that did not offer medication assisted treatment ("MAT").

Nixon was placed at FCI-Allenwood in June 2023. He alleges he "has repeatedly asked to be placed on suboxone but was and is denied by defendants for no valid medical reason, calling him a 'junkie' for daring to grieve the issue." He was offered an alternative medication, Vivitrol, but refused it because he had an allergic reaction to Vivitrol prior to incarceration. Nixon allegedly told medical staff at FCI-Allenwood that Vivitrol was "not a viable option." In response, a prison doctor allegedly told him to "stop being an addict and take Vivitrol instead." A nurse allegedly "told Nixon that he should stop being such a junkie and take what is offered, the Vivitrol, or go lay down." Nixon was placed on a waiting list for "consideration in the MAT program"[2] and told that

[2] Although Nixon's complaint treats the denial of suboxone as synonymous with exclusion from MAT, Vivitrol is also a medication that can be used in MAT. *See* (Doc. 1-4 at 2-5). Any factual dispute as to the scope of the MAT program does not affect the outcome of this motion.

"clinical guidelines" dictated that inmates closest to release had the highest priority.

Nixon was permitted to proceed on a claim for injunctive relief under the Rehabilitation Act ("RA"). (Doc. 12). In response, the BOP filed a "Motion to Dismiss and/or Motion for Summary Judgment" (Doc. 25). This motion was denied without prejudice based on Nixon's allegations that he needed discovery to respond to some of the BOP's arguments. The BOP was permitted to file a renewed motion limited to the issues of the sufficiency of the complaint and exhaustion of administrative remedies. *See* (Docs. 48, 49). The instant motion followed. After a series of requests for extensions of time, Nixon filed a response to the motion (Doc. 68), and the motion is ripe for adjudication.

## II. DISCUSSION

"Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In deciding the motion, the Court may

consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Nixon makes further factual allegations in briefing, but those are disregarded, because "the complaint may not be amended by the briefs in opposition to a motion to dismiss." *See Hughes v. United Parcel Serv., Inc.*, 639 F. App'x 99, 104 (3d Cir. 2016) (citation omitted).

To state a plausible claim under Section 504 of the Rehabilitation Act, a plaintiff "must allege that he is a qualified individual with a disability, who was precluded from participating in a program, service, or activity, or otherwise was subject to discrimination, by reason of his disability." *Furgess v. Pa. Dep't of Corr.*, 933 F.3d 285, 288-89 (3d Cir. 2019). As described in the memorandum screening Nixon's complaint, several courts within this circuit have permitted RA claims to proceed

based on factual allegations similar to Nixon's.[3] These cases stand for the premise that a prisoner may be subject to discrimination "by reason of his disability" even if he "alleges that he was denied access to [MAT] *despite* his alleged substance use disorder and not *because of* that disorder." *See Roman v. Cnty. of Chester*, No. 23-CV-4032-KSM, 2024 WL 2136010, at *17 (E.D. Pa. May 13, 2024).

However, recent Third Circuit precedent appears to foreclose that interpretation. In *DiFraia v. Ransom*, 171 F.4th 622 (3d Cir. 2026), the Third Circuit considered a claim under the Americans with Disabilities Act ("ADA") by a prisoner who had been treated with suboxone but was later removed from the prison's MAT program on suspicion of smuggling. Addressing the question of whether he had been deprived suboxone "by reason of his disability," the court reasoned as follows:

> [Plaintiff DiFraia] was kicked out of the treatment program not "by reason of" his addiction, but *despite* it.

---

[3] *See, e.g.*, *Smith v. Fed. Bureau of Prisons*, No. 24-CV-10269, 2024 WL 5197196, at *6 (D.N.J. Dec. 20, 2024) (for an RA claim, the allegation that a prison doctor "recommended a less efficacious medication due to a belief that individuals with severe opioid use disorder are drug addicts who should not be treated with buprenorphine is sufficient to allege a discriminatory purpose"); *Roman v. Cnty. of Chester*, No. 23-CV-4032-KSM, 2024 WL 2136010, at *17 (E.D. Pa. May 13, 2024); *Strickland v. Delaware Cnty.*, No. 21-CV-4141, 2022 WL 1157485, at *3 (E.D. Pa. Apr. 19, 2022).

> The program exists to treat addicts, not exclude them. DiFraia's allegations offer no hint that he was kicked out of a program designed to treat prisoners with a specific condition *because* he has the very condition that warrants being in the program . . .
>
> As DiFraia sees it, providing Suboxone to an opioid-addicted prisoner is a "reasonable accommodation to allow meaningful access to carceral healthcare." But that claim conflates a method of treating a disability with an accommodation: DiFraia never alleged that he could not receive any prison healthcare for his addiction because he was not getting Suboxone. So DiFraia's reasonable-accommodations argument just repackages his complaint that he was not given the treatment he desired. But failure to provide adequate medical care to a disabled inmate does not, on its own, give rise to liability . . .

(*Id.* at 632-33) (quotations and citations omitted). Although *DiFraia* concerned an ADA claim, not an RA claim, the RA's causation requirement is stricter than the ADA's. *See Durham v. Kelley*, 82 F.4th 217, 226 (3d Cir. 2023) ("[U]nder the RA, the disability must be the sole cause of the discriminatory action, while the ADA only requires but-for causation.") (citing *CG v. Pa. Dep't of Educ.*, 734 F.3d 229, 235-36 (3d Cir. 2013)); *see*, *e.g.*, *Decker v. Dep't of Corr.*, No. 25-1274, 2026 WL 115001, at *3 (3d Cir. Jan. 15, 2026) (nonprecedential) (permitting a claim under the RA, but not the ADA, because the "disability was not the sole cause of the discrimination").

We construe Nixon to argue that the medical staff's reasons for failing to prescribe him suboxone did not reflect genuine medical judgment but a "refus[al] to take [his] disability seriously."[4] *See* (Doc. 48 at 11). However, under the precedent described above, that theory cannot sustain a Rehabilitation Act claim, because it would show that Nixon is being denied suboxone "not 'by reason of' his [disability], but *despite* it." *DiFraia*, 171 F.4th at 632 (emphasis in original). The disparaging comments Nixon attributes to the medical staff, although deplorable, do not support an inference that he was excluded from an OUD treatment program purely *because of* his OUD.

Nixon continues to allege that the prison staff has "refused to treat" his OUD and related symptoms. *See*, *e.g.*, (Doc. 68 at 3). As documented in previous orders, these allegations are contradicted by the exhibits to his complaint. *See*, *e.g.*, (Doc. 1-4 at 16, 54-56, 61-62); *see Vorchheimer v.*

[4] The BOP argues that Nixon's references to BOP clinical guidelines, and his attachments apparently showing that he was evaluated by medical staff, prove that his disability was not the "sole cause" why he was denied suboxone. However, we interpret Nixon to allege that these considerations were pretextual. *See*, *e.g.*, (Doc. 1 at 12) ("The BOP is attempting to make it appear that they are taking the steps to implement a voluntary MAT program."); (Doc. 1-4 at 13-14 (alleging that the medical assessment of Nixon's withdrawal symptoms was "fraudulent").

*Philadelphian Owners Ass'n*, 903 F.3d 100, 112 (3d Cir. 2018) (if a plaintiff's "exhibits contradict [his] allegations in the complaint, the exhibits control"). Nixon "seems to equate the denial of suboxone with the 'denial of treatment,'" but his belief that alternative medications are inadequate is insufficient. *See* (Doc. 11 at 12); *Montanez v. Price*, 154 F.4th 127, 147 (3d Cir. 2025) ("failure to provide adequate medical care to a disabled inmate does not, on its own, give rise to liability" under the RA). Therefore, his RA claim must be dismissed.

We acknowledge Nixon's allegations that he is suffering, and that he has been refused a drug that was helpful to him before incarceration. Ultimately, however, "[a] prisoner does not have the right to choose a specific form of medical treatment." *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quotation and citation omitted). Because the complaint cannot support any of Nixon's original claims for the reasons described in the prior memorandum[5], we find that further amendment of the complaint would be futile and dismiss this case without leave to amend.

[5] Specifically, Nixon's complaint does not suggest an Eighth Amendment violation; even if it did, there would be no *Bivens* remedy in the factual circumstances that he describes; and he has not properly presented a claim to the appropriate federal agency to facilitate a claim of medical negligence under the Federal Tort Claims Act. *See* (Doc. 11).

Therefore, we need not address the BOP's arguments regarding exhaustion of administrative remedies.

## III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. The BOP's motion (Doc. 51) is **GRANTED** to the extent that this case is **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(6).

2. All relief requested in Nixon's response brief (Doc. 68) and subsequent "case update" (Doc. 70) is **DENIED**.

3. The Clerk is **DIRECTED** to mark this case as closed.

Dated: August 24, 2026

***s/Joseph F. Saporito, Jr.***
JOSEPH F. SAPORITO, JR.
United States District Judge